UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JODI (JOHNSON) AGLA,<br><br>        Plaintiff,<br><br>v.<br><br>JACK H. FRISCH,<br><br>        Defendant. | CASE NO. 1:17-cv-00616 |

## CLASS ACTION COMPLAINT

### I.     INTRODUCTION

1. This is a class action brought by Plaintiff Jodi Agla, individually and on behalf of all others similarly situated, for statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.     PLAINTIFF

2. Plaintiff Jodi Agla is a natural person residing in Indianapolis, Indiana.

### III.     DEFENDANT

3. Defendant Jack H. Frisch is a lawyer admitted to practice in the State of Indiana; Defendant's office is located in Indianapolis, Indiana.

4. At all times referenced herein, Defendant was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### IV.     STATEMENT OF FACTS

5. Plaintiff purchased a 2008 Dodge Avenger on or about December 14, 2011 and entered into a Retail Installment Sales Contract to finance the purchase.

6. Friendly Finance Corporation purchased the Retail Installment Sales Contract.

7. Plaintiff became delinquent under the terms of the contract and the Avenger was tendered to Friendly Finance Corporation as a voluntary repossession.

8. After the Avenger was sold, Friendly Finance Corporation has alleged that Plaintiff owes a deficiency balance.

9. Friendly Finance Corporation hired Defendant to collect the alleged debt.

10. Defendant sent Plaintiff a dunning letter dated January 24, 2017.

11. A copy of the dunning letter is attached hereto as Exhibit A.

## V.    CLAIMS FOR RELIEF

### A.  Fair Debt Collection Practices Act

12. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through eleven above.

13. Defendant violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

   a. In stating that the amount of the claim was $12,955.30 without disclosing that the amount included attorney fees, collection costs or some other fee, Defendant used a false, deceptive or misleading misrepresentation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   b. In stating that the amount of the claim was $12,955.30 without disclosing that the amount included attorney fees, collection costs or some other fee, Defendant falsely represented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c. In stating that the amount of the claim was $12,955.30 without disclosing that the amount included attorney fees, collection costs or some other fee, Defendant used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

14. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for her statutory damages, costs, attorney fees and all other appropriate relief.

### B.  Class Allegations

15. Plaintiff brings this action on behalf of herself and all persons similarly situated in the State of Indiana who received (one year before the date of the filing of this Class Action Complaint to the present) from Defendant a dunning letter stating an apparently principal amount of an alleged debt that included attorney fees, collection costs or some other fee added by Defendant but did not disclose that attorney fees, collection costs or some other fee had been added to the purported amount of the debt.

16. Defendant regularly engages in debt collection using dunning letters that state an apparent principal amount of an alleged debt that includes attorney fees, collection costs

2

or some other fee added by Defendant but does not disclose that attorney fees, collection costs or some other fee has been added to the purported amount of the debt in an attempt to collect consumer debt from other persons located in the State of Indiana.

17. This lawsuit seeks a determination by the Court that the violations alleged in paragraph 13 above are indeed violations of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

18. The class members are so numerous that joinder is impracticable. On information and belief, the proposed class consists of more than 35 persons.

19. Plaintiff's claims are typical of the proposed class. Common questions of law or fact raised by this class action complaint affect all members of the proposed class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed class, and a risk that any adjudications with respect to individual members of the proposed class would, as a practical matter, either be dispositive of the interests of other members of the proposed class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

21. Plaintiff will fairly and adequately protect and represent the proposed class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed class because Defendant's conduct was perpetrated on all members of the proposed class and will be established by common proof. Moreover, Plaintiff has retained counsel with extensive experience in the Fair Debt Collection Practices Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the class of all persons living in the State of Indiana who received (from one year before the date of the filing of this Class Action Complaint to the present) from Defendant a dunning letter stating an apparent principal amount of an alleged debt that included attorney fees, collection costs or some other fee added by Defendant but without disclosing that said attorney fees, collection costs or some other fee had been added to the purported amount of the debt;

B. Appoint Plaintiff as Class Representative of the Class and his attorney as Class Counsel;

C. Find that sending a dunning letter to a consumer stating an apparent principal amount of an alleged debt that included attorney fees, collection costs or some other fee added by Defendant but without disclosing that said attorney fees, collection costs or

3

some other fee had been added to the purported amount of the debt violated the FDCPA;

D.  Enter judgment in favor of Plaintiff and the Class and against Defendant for statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

E.  Award Plaintiff an incentive award for her participation as Class Representative; and

F.  All such additional relief as the Court deems appropriate and just.

> For Plaintiff Jodi Agla, individually, and all others similarly situated:
>
> s/ *Robert E. Duff*
> Robert E. Duff
> INDIANA CONSUMER LAW GROUP/
> THE LAW OFFICE OF ROBERT E. DUFF
> P.O. Box 7251
> Fishers, IN 46037
> Telephone: 800-817-0461
> Facsimile: 800-817-0461
> Email: robert@robertdufflaw.com